PER CURIAM.
Appellant, defendant below, appeals from a final judgment of the trial court finding him indebted to the appellee, plaintiff below, in an action for an accounting. The trial judge, in rendering his final judgment, was acting within the proper scope of his duties as the trier of fact and of law and we, therefore, affirm.
The final judgment recognized appellant’s right to jury trial on his remaining counterclaim and specifically refrained from addressing the merits of that counterclaim. We also note with interest that the trial court specifically advises the parties in the final judgment that had the plaintiff in this cause been the individuals against whom appellant has a separate pending cause of action in the court below, rather than the corporate entity which was actually plaintiff below, the judgment rendered may well have been different in scope and effect.
Finally, within one year after entry of the final judgment, but after filing his notice of appeal to this court, the appellant timely filed with the trial court a motion to set aside final judgment pursuant to Florida Rule of Civil Procedure 1.540(b), alleging misconduct of the plaintiff. The trial court entered an order on its own motion, correctly finding that it was without jurisdiction *1270 of the matter since the filing of the notice of appeal had lodged jurisdiction in this court. It then ordered the clerk of the lower court to supplement the record on appeal in this cause with the motion to set aside final judgment together with the supporting affidavit. That supplemented record was filed with this court on February 5, 1980. No further action was taken and oral argument on the issues raised by the notice of appeal was held by this court on April 1, 1980, without any mention being made of the motion to set aside judgment. A written motion to relinquish jurisdiction was filed with this court on April 1, 1980, requesting us to relinquish jurisdiction to the trial court for determination of the motion to set aside judgment. This court is not by this opinion passing on the validity or propriety of the motion to set aside judgment, and by this affirmance jurisdiction will again be vested in the trial court for that determination when the mandate from this court is entered.
AFFIRMED.
SCHEB, Acting C. J., and DANAHY and CAMPBELL, JJ., concur.